Barbara Wrubel
Mark S. Cheffo
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
Telephone:  (212) 735-3000
Facsimile:   (212) 735-2000
Attorneys for Defendant Pfizer Inc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOUTHERN ILLINOIS LABORERS' AND EMPLOYERS HEALTH AND WELFARE FUND; NECA-IBEW WELFARE TRUST FUND; MIDWESTERN TEAMSTERS HEALTH AND WELFARE FUND; THE WELFARE FUND OF TEAMSTERS LOCAL UNION 863; PLUMBERS & PIPEFITTERS LOCAL UNION 630 WELFARE TRUST FUND; CLEVELAND BAKERS AND TEAMSTERS HEALTH AND WELFARE FUND; ELECTRICAL WORKERS BENEFIT TRUST FUND; FIRE & POLICE RETIREE HEALTH CARE FUND, SAN ANTONIO, LABORERS' DISTRICT COUNCIL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND; LABORERS' DISTRICT COUNCIL HEAVY AND HIGHWAY UTILITY HEALTH AND WELFARE FUND, and NEW YORK CITY POLICE SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUNDS, individually, and on behalf of all others similarly situated, <br><br>             Plaintiffs, <br><br>     v. <br><br> PFIZER INC., <br><br>             Defendant. | No. 08cv5175 (SHS) <br> ECF Case <br><br> Electronically Filed |

**DEFENDANT PFIZER INC'S REPLY IN FURTHER SUPPORT OF**
<u>**ITS MOTION FOR RECONSIDERATION OF THE MINUTE ORDER OF MAY 22, 2008**</u>

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................3

I. PFIZER HAS SATISFIED THE STANDARD FOR RECONSIDERATION ..................3

    A. Judge Darrah Overlooked Critical Controlling Authority .....................................4

    B. Judge Darrah Overlooked Numerous Facts in the Record.....................................7

II. THE LAW-OF-THE-CASE DOCTRINE DOES NOT BAR
RECONSIDERATION..................................................................................................9

CONCLUSION ..............................................................................................................................10

Defendant Pfizer Inc ("Pfizer") respectfully submits this reply in further support of its motion for reconsideration of the transferor Court's Minute Order of May 22, 2008.

## **PRELIMINARY STATEMENT**

Reconsideration is fully warranted. In setting aside Magistrate Judge Brown's Orders in their entirety, including portions that Plaintiffs did not even object to, Judge Darrah overlooked critical facts and authorities and restricted Pfizer's ability to defend against Plaintiffs' claims so severely that reconsideration is necessary to prevent manifest injustice.

In the absence in Judge Darrah's two-page Order of any reference to, much less analysis of, the controlling facts and authorities that Pfizer submits warrant reconsideration, Plaintiffs attempt to embellish his perfunctory findings and ask this Court to speculate that he must have considered them. Their efforts to rewrite the Order and Judge Darrah's history with this case should be rejected. Indeed, although Plaintiffs contend that Judge Darrah "was intimately familiar" with this action and the discovery issues that were the subject of Judge Brown's Orders (Pls.' Resp. at 17), the fact is that Judge Darrah: referred all discovery matters to Magistrate Judge Brown and never issued any rulings on any substantive discovery issues; never heard any argument on Plaintiffs' objections to Judge Brown's Orders; and, after Plaintiffs consented to transfer to this District, expressed, on several occasions, his willingness and intention to transfer this action out of his Court. In stark contrast, Judge Brown met regularly with the parties on discovery matters, supervised all discovery, conducted multiple hearings on the disputes that are the subject of her Orders, and examined, addressed, and cited in her Orders the pertinent portions of the parties' pleadings, briefing, discovery responses, and other submissions. Nothing approaching this level of analysis and scrutiny of the issues appears in Judge Darrah's Order or is reflected in his reasoning and conclusions. That he overlooked key authorities and facts in

summarily reversing Judge Brown's Orders is clear. That he did so under the high bar for displacing a Magistrate Judge's discovery order makes reconsideration particularly appropriate.

In their response, Plaintiffs concede that they are claiming that Pfizer "promoted Lipitor for uses and patients not indicated on the drug's label," Pls.' Resp. at 4, and that their alleged injury – price inflation – is premised on purported "off-label" promotion and overpromotion of Lipitor.[1] Plaintiffs also continue to allege that Pfizer's conduct caused *them* to pay for unwarranted or unnecessary prescriptions for Lipitor. *See* Pfizer's Br. at 5, 13. As Judge Brown held, and consistent with the Second Circuit's decision in *McLaughlin*, Pfizer must be permitted to test Plaintiffs' claims and defend against their theory of liability and injury by obtaining information and documents that are specific to each Plaintiff. There is no class here; after over two years, Plaintiffs have never even filed a motion to certify a class. There are only eleven individual health insurer Plaintiffs, all of whom know who their members are and for what prescriptions they have paid. What Plaintiffs praise as an effort by Judge Darrah to avoid "mak[ing] the case monstrously difficult and unwieldy," Pls.' Resp. at 6 – by precluding Pfizer from exploring, and defending against, each Plaintiff's claims and by limiting Pfizer to Plaintiffs' "nationwide data," May 22nd Order at 2 – fails to comport with fundamental rules of discovery and due process and runs directly contrary to the holdings of *McLaughlin*.[2] As such, Judge Darrah's Order cannot stand. This Court is free to, and should, correct that Order. Both

---

[1] Plaintiffs' own pleadings refute their assertion that their SAC "rendered irrelevant the discovery Magistrate Judge Brown ordered produced in her November 14 and December 21 Orders." Pls.' Resp. at 2. One hundred and sixty-two paragraphs in the SAC are identical to those in the First Amended Complaint, and seventeen others are the same, but for stylistic edits. By adding forty-seven new paragraphs, Plaintiffs *expanded* the scope of discovery but did not negate the relevance of outstanding discovery. Further, Plaintiffs claim that they are entitled to seek from Pfizer the same categories of documents and information that they object to producing.

[2] *See, e.g.*, *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 226 (2d Cir. 2008) (holding that "individualized," not "generalized," proof is required to establish RICO injury and causation); *id.* at 232 ("'[D]efendants have the right to raise individual defenses against each class member.'") (citation omitted).

2

the standard for reconsideration and the law-of-the-case doctrine support such an action; neither requires that this Court "'court reversal because of the erroneous rulings of another judge.'"[3]

Finally, Plaintiffs' challenges to the timing of Pfizer's motion are meritless. Pfizer moved for reconsideration in this Court because, as both parties had long anticipated and understood, Judge Darrah transferred this action to this District within a week of issuing his Minute Order. Pfizer fully complied with this Court's ten-day time period for moving for reconsideration by serving its motion on June 6, 2008, in the Court where the action was transferred to, and pending, at that time. That Pfizer has moved to dismiss the SAC for failure to state a claim[4] should not, as Plaintiffs suggest (*see* Pls.' Resp. at 4), strip it of its right to timely seek reconsideration of a discovery order that would, if sustained, erroneously, and drastically, limit its ability to defend against any claims that might survive its dispositive motion.

## ARGUMENT

### I. PFIZER HAS SATISFIED THE STANDARD FOR RECONSIDERATION

Pfizer does not seek to re-litigate issues that have been considered and decided, or "simply 'take issue' with" Judge Darrah's conclusions. Pls.' Resp. at 9. Rather, consistent with the prevailing standard, Pfizer seeks to have controlling authorities and critical facts that were *overlooked* by the transferor Court, and that support Judge Brown's Orders, actually considered in determining whether Plaintiffs' objections to those Orders merit a finding that they were "'clearly erroneous or contrary to law.'" *Thompson v. Keane*, 95 Civ. 2442, 1996 U.S. Dist.

---

[3] *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 590 (6th Cir. 1995) (quoting James W. Moore, Moore's Federal Practice P 0.404[4.-2] (2d ed. 1994)).

[4] Although Pfizer moved to dismiss the SAC in October 2007, its motion has not, as Plaintiffs contend, been "pending" since then. Pls.' Resp. at 4. Based on Plaintiffs' request, no opposition was ever filed and the motion was never fully submitted for the transferor Court's consideration. Indeed, Plaintiffs sought, and Pfizer agreed, to stay briefing on its motion until after a decision on Pfizer's unopposed motion to transfer to this District. *See* N.D. Ill. D.E. 171. The parties further agreed that Pfizer would re-file its motion in this Court.

3

LEXIS 6022, at *1 (S.D.N.Y. May 6, 1996) (Stein, J.) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)); *see Sanofi-Synthelabo v. Apotex Inc.*, 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005) (Stein, J.) (a motion for reconsideration should "be granted when 'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusions reached by the court,'" or when "'the movant . . . demonstrate[s] the need to correct a clear error or prevent manifest injustice'") (citations omitted).[5] Indeed, it is the very deficiency of legal analysis in Judge Darrah's Order – especially in the face of both the substantial record before Judge Brown and the highly deferential standard of review of a Magistrate Judge's discovery ruling – that make his reversal of Judge Brown's carefully rendered decisions suitable for reconsideration.[6] It is also clear that reconsideration is necessary to prevent the manifest injustice of foreclosing Pfizer from obtaining discovery that is within Plaintiffs' control and essential to Pfizer's ability to defend against Plaintiffs' claims.

**A.      Judge Darrah Overlooked Critical Controlling Authority**

Contrary to Plaintiffs' claims, *McLaughlin* – a Second Circuit decision in a putative nationwide RICO consumer class action like this one, addressing theories of injury and causation that are nearly identical to those alleged by Plaintiffs here, and ruling that *individualized*, rather than generalized or class-wide, proof is not only relevant but is *required* to maintain and defend against such claims – is plainly controlling authority that Judge Darrah should have considered, given his stated intent to transfer to this District, and that supports, and warrants reinstatement of,

---

[5]   A decision to grant a motion for reconsideration "is in the 'sound discretion of a district court judge and will not be overturned on appeal absent an abuse of discretion.'" *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[6]   *See Thompson*, 1996 U.S. Dist. LEXIS 6022, at *2 (recognizing that "Magistrate Judges are given broad latitude in resolving discovery disputes" and overruling objections to Magistrate Judge's discovery order).

4

Judge Brown's Orders.[7]  *See* Pfizer's Br. at 17-19.  The Supreme Court's decision in *Bridge v. Phoenix Bond Indemnity Co.*, 128 S. Ct. 2131 (2008), does nothing to "undercut" the holdings in *McLaughlin* that support Judge Brown's rulings and Pfizer's, position.  Pls.' Resp. at 12.  In *Bridge*, the Court held only that RICO does not impose a *first-party* reliance requirement.  *See* 128 S. Ct. at 2134.  The Court emphasized, however, that it was *not* holding "that a RICO plaintiff who alleges injury 'by reason of' a pattern of mail fraud can prevail without showing that *someone* relied on the defendant's misrepresentations."  *Id.* at 2144; *see also id.* at 2143 n.6.  Indeed, the Court recognized that proof of reliance will almost always be required in RICO actions, like this one, alleging that a defendant's misrepresentations harmed plaintiff.  *See id.* at 2144 ("In most cases, the plaintiff will not be able to establish even but-for causation if no one relied on the misrepresentation.").  The Second Circuit's finding in *McLaughlin* that, to establish causation, plaintiffs would need proof that individual smokers actually relied on defendants' purported misrepresentations about light cigarettes in choosing to buy them, is thus fully consistent with *Bridge*.[8]  Similarly, under both *McLaughlin* and *Bridge*, Pfizer should, as Judge Brown held, be able to obtain discovery that would allow it to explore whether doctors who wrote any allegedly improper prescriptions did so in reliance on purported misrepresentations by Pfizer or on their own judgment, training, and patient assessment.  *See* Pfizer's Br. at 16-17.

---

[7] Pfizer did not, as Plaintiffs assert, "fail[] to inform [this] Court about" the parties' letters to Judge Darrah concerning *McLaughlin*, Pls.' Resp. at 12 n.12.  *See* Pfizer's Br. at 17 (citing letter of supplemental authority).  Plaintiffs speculate that "Judge Darrah no doubt realized" that "*McLaughlin* is not a controlling decision" that supported Judge Brown's Orders.  Pls.' Resp. at 12.  Of course, given Judge Darrah's failure to address *McLaughlin* and the vast majority of other authorities and arguments set forth by Pfizer and considered by Judge Brown, there can be no reason to assume that Judge Darrah considered them.  *Cf. Hammer v. First UNUM Life Ins. Co.*, No. 01 Civ. 9307, 2005 WL 525445, at *2 (S.D.N.Y. Mar. 7, 2005) (a court "did not overlook factual matters that were put before it" where it "explicitly addressed [them] in its decision").

[8] In *McLaughlin*, unlike in *Bridge* (in which the alleged misrepresentations were made to a third-party, not to plaintiffs), the relevant reliance was necessarily first-party because plaintiffs alleged that *they* were "deceived by defendants' marketing and branding." *McLaughlin*, 522 F.3d at 220.

5

Plaintiffs' response also confirms that Judge Darrah failed to account for controlling authority establishing that in federal question actions like this one, HIPAA expressly provides for disclosure of non-party medical records in response to a discovery request where, as here, a protective order is in place to protect the patients' privacy interests. *See Northwestern Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004) (citing relevant HIPAA provisions, including 45 C.F.R. § 164.512(e)(1)); Pfizer's Br. at 20-21. The Seventh Circuit's decision in *Ashcroft* does not, as Plaintiffs contend, support Judge Darrah's Order. Although the court ultimately quashed the subpoena there, it took pains to distinguish the type of medical records at issue – records of patients' late-term abortions – and the privacy and safety concerns involved, from those in "a typical case in which medical records get drawn into a lawsuit." *Id.* at 929 (citing the "hostility to abortion [that] has at times erupted into violence" and the potential that women whose records would be disclosed as part of the trial record could be "expos[ed] to threats, humiliation, and obloquy"). Plaintiffs do not, and cannot, cite any similar concerns that might arise from disclosure to Pfizer, under the parties' HIPAA-compliant protective order, of records of Lipitor prescriptions and relevant medical information for members of the Plaintiffs' plans for whom Plaintiffs claim they have paid for "unnecessary" or "improper" prescriptions.[9]

In addition, unlike in *Ashcroft*, where the government, which was seeking the abortion records, "had repeated opportunities to articulate a use for the records . . . and . . . failed to do

---

[9] Plaintiffs' complaint that Judge Brown's order directing them to identify such prescriptions would "require Plaintiffs to *create* information" or documents, Pls.' Resp. at 11 n.11, is meritless. It is Plaintiffs, of course, who have alleged that such prescriptions exist. To require Plaintiffs to identify, in response to an *interrogatory*, such critical information underlying their claims certainly does not fall outside the bounds of discovery. That Plaintiffs may have to actually conduct factual investigations and review certain records in order to provide a response is certainly not an extraordinary or unfair burden, particularly in a RICO action for billions of dollars by eleven sophisticated health benefit funds. Conducting such investigations and compiling information for interrogatory responses – which may, as is often the case, be presented as "lists" that might not have existed previously – is certainly not the equivalent of creating documentary evidence, as Plaintiffs assert. Pls.' Resp. at 11. Neither Pfizer nor Judge Brown have ever demanded that Plaintiffs create *documents* that do not exist.

6

so," 362 F.3d at 930, Pfizer has identified, as Judge Brown recognized, clear and compelling reasons why it should be able to obtain prescription-specific discovery – namely, to challenge Plaintiffs' claims that the prescriptions were "off-label" and written as a result of any alleged misrepresentation by Pfizer.[10] *See, e.g.*, Pfizer's Br. at 6, 15-16. Pfizer is not "trying to drag thousands of non-party Lipitor users into the litigation." Pls.' Resp. at 5. *Plaintiffs* put their members' records at issue by bringing this lawsuit, claiming that certain members never should have been prescribed Lipitor, alleging that Pfizer improperly caused those prescriptions to be written, and asking a court to require Pfizer to pay Plaintiffs for those prescriptions, incur treble damages under RICO, and be subject to injunctive relief. Consistent with *McLaughlin*, Pfizer must be permitted to defend against those claims by obtaining, pursuant to HIPAA and the parties' protective order, information about the allegedly "improper" prescriptions.[11]

**B.  Judge Darrah Overlooked Numerous Facts in the Record**

Plaintiffs are unable to point to any observation or analysis in Judge Darrah's Order that would indicate that he considered the many critical facts that Pfizer submits he overlooked, including: (i) their own allegations in the SAC that they have paid for allegedly unnecessary Lipitor prescriptions; (ii) their own admissions and documents establishing that they have contractual rights to obtain their members' medical records and their agreement with Pfizer on a form letter that they would send to doctors, with individual patient authorizations, in order to do so; (iii) their own previous agreements to produce the vast majority of documents covered by

---

[10]  *Cf. Tartaglia v. Paul Revere Life Ins. Co.*, 948 F. Supp. 325, 330 (S.D.N.Y. 1996) (Stein, J.) (granting motion to compel non-party hospital to produce patient records where defendant demonstrated it needed the records to defend against plaintiffs' claims and the records would be "subject to an appropriate confidentiality agreement").

[11]  Finally, as Pfizer set forth in its opening brief, it is Judge Darrah, not Judge Brown, who misapplied Rule 26's balancing requirements. *See* Pfizer's Br. at 21-22. Pfizer is not asking this Court to "re-balance" the factors. Rather, it is requesting that this Court reconsider Plaintiffs' objections to Judge Brown's Rule 26 balancing (*see* November 14th Order at 7-8), and find that her analysis was *not* clearly erroneous or contrary to law.

7

Judge Brown's December 21st Order; and (iv) the fact that many of the documents that Judge Brown directed them to produce do not involve prescription-specific information. Instead, Plaintiffs simply recite a laundry list of briefing in the record, Pls.' Resp. at 15-16, and contend that "Judge Darrah knows these facts" because the case was before him for over two years. *Id.* at 17. As established above, Plaintiffs have vastly overstated Judge Darrah's involvement in this case. They have also misstated the record in an attempt to diminish Judge Brown's Herculean efforts to analyze large volumes of briefing and record evidence and issue cogent rulings.

For example, Plaintiffs improperly advance <u>as fact</u> before this Court Judge Darrah's misunderstanding of the scope of Judge Brown's December 21st Order. That Order was not, as Plaintiffs submit in their response and Judge Darrah apparently understood, limited to compelling Plaintiffs "to respond to an interrogatory by identifying individuals who had provided documents to Plaintiffs[12] and to produce documents concerning individual patients' medical histories." Pls.' Resp. at 7. Rather, the Order directed Plaintiffs to comply with prior commitments and provide responses to many outstanding requests seeking non-participant-specific documents. *See, e.g.*, December 21st Order at 7-9; Pfizer's Br. at 8-11. As Judge Brown found, Plaintiffs have never explained how all of those categories of documents suddenly became "irrelevant" when Plaintiffs filed the SAC. Pls.' Resp. at 2; *see supra* n. 1.

Plaintiffs also erroneously assert that the affidavits they submitted to Judge Darrah with their objections to Judge Brown's Order "demonstrate that none of the Plaintiffs possess or control medical records for individual Lipitor users." Pls.' Resp. at 16. To the contrary, those affidavits, and other documents Plaintiffs produced and that are publicly available, confirm that

---

[12] Plaintiffs fail to acknowledge that they expressly *did not* object to this ruling in Judge Brown's December 21st Order. *See* December 21st Order at 3-7; Pfizer's Br. at 3. Judge Darrah set aside that Order in full, with no explanation as to why he was vacating a portion to which Plaintiffs did not object. Plaintiffs should consent to the correction of at least this plain error by Judge Darrah.

Plaintiffs do, indeed, have contractual rights to obtain their members' medical information, including in litigation and for the purpose of seeking money, as they do here, in connection with payments they have made on behalf of members.[13] *See, e.g.*, Pfizer's Br. at 10. As Judge Brown recognized, *see* November 14th Order at 7, "'control' under the federal rules of procedure includes the legal right to obtain the documents in question." *United States v. Stein*, 488 F. Supp. 2d 350, 363 (S.D.N.Y. 2007); *see also id.* at 360-61. Judge Darrah overlooked all of these facts in finding that Judge Brown erred by "reliev[ing] Defendant of the burden of showing Plaintiffs' control over the requested documents." May 22nd Order at 2. *See* Pfizer's Br. at 23-24.

## II.     THE LAW-OF-THE-CASE DOCTRINE DOES NOT BAR RECONSIDERATION

The law-of-the-case doctrine does not, as Plaintiffs contend, prevent this Court from reconsidering Judge Darrah's Order and reinstating Judge Brown's rulings. "It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment, *and may be modified to the same extent if the case is reassigned to another judge*." *In re United States*, 733 F.2d 10, 13 (2d Cir. 1984) (emphasis added); *accord Kleinberg v. Radian Group, Inc.*, No. 01 Civ. 9295, 2003 U.S. Dist. LEXIS 20743, at *5-6 (S.D.N.Y. Nov. 18, 2003).[14] "Moreover, the efficiency concerns that underlie the doctrine do not support its application in cases," like this one, "where the original ruling is clearly erroneous." *Strauch*, 892 F. Supp. at 506; *accord Prisco v. A&D*

---

[13] Indeed, Plaintiffs' letter to doctors in connection with their collection of medical records for the "test" Fund advised doctors that: "our members have authorized us, in our plan documents, to obtain such . . . information when the Fund is making a claim based on benefits the Fund paid on behalf of its members;" "HIPAA permits disclosure of protected health information in a judicial proceeding"; and "all protected health information exchanged between the parties in the case is subject to a HIPAA-authorized Confidentiality Agreement." *See* Ex. A to Pfizer's Notice of Filing of Supplemental Evidence [N.D. Ill. D.E. 106].

[14] The law of the case doctrine "'is not an inviolate rule in this Circuit,'" but rather, "'at best, a discretionary doctrine which does not constitute a limitation on the court's power.'" *Aedes de Venustas, Inc. v. Venustas Int'l, LLC.*, No. 07 Civ. 4530, 2008 U.S. Dist. LEXIS 17268, at *6 (S.D.N.Y. Mar. 5, 2008) (quoting *United States v. Birney*, 686 F.2d 102, 107 (2d Cir. 1982)); *accord Strauch v. Demskie*, 892 F. Supp. 503, 506 (S.D.N.Y. 1995).

9

*Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999) (the law-of-the-case rule "is not absolute" and a "district court['s] depart[ure] from its prior ruling in order to correct an error of law" is "an obviously valid reason for such a departure").[15] Courts and commentators have also emphasized that: "'there is no jurisdictional inhibition to reconsideration'"; "'a trial judge should not court reversal because of the erroneous rulings of another judge any more than because of an erroneous ruling of his own'"; and "'transfer should no more freeze prior rulings than it should require their routine reexamination.'" *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 590 (6th Cir. 1995) (quoting James W. Moore, Moore's Federal Practice P 0.404[4.-2] (2d ed. 1994)).[16] Indeed, this Court has previously granted a motion for reconsideration of another judge's discovery ruling and reversed that ruling where it was erroneous under controlling authority. *See Sanofi-Synthelabo*, 363 F. Supp. 2d at 594-95. The same action is warranted here.

## CONCLUSION

For the foregoing reasons, and those set forth in Pfizer's opening memorandum, Pfizer respectfully requests that this Court grant its motion for reconsideration and reinstate Judge Brown's Orders in their entirety.

Dated: New York, New York
      July 28, 2008

                                            Respectfully submitted,

                                            /s/ Mark S. Cheffo
                                            Barbara Wrubel
                                            barbara.wrubel@skadden.com

---

[15] *See also Conrad v. Beck-Turek, Ltd., Inc.*, 891 F. Supp. 962, 967-68 (S.D.N.Y. 1995) ("'The only limitation placed upon a trial judge's decision to disregard a previous ruling by a judge of coordinate jurisdiction is that prejudice not ensue to the party seeking the benefit of the doctrine [of law of the case]. . . . In this context, prejudice . . . refers to a lack of sufficiency of notice . . . .'") (quoting *Birney*, 686 F.2d at 107). There is no potential for prejudice here: Plaintiffs had notice of and a full opportunity to respond to Pfizer's motion.

[16] *Accord Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993) (affirming decision to reconsider and grant motion to dismiss, finding that "[t]he fact that [the trial judge] was not correcting his own error, but that of another judge who initially had been in charge of the case, [was] of no moment").

Mark S. Cheffo
mark.cheffo@skadden.com
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000

Attorneys for Defendant Pfizer Inc

CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court, hereby certifies under penalty of perjury, that on July 28, 2008, I caused a true copy of the foregoing:

- *Defendant Pfizer Inc.'s Reply In Further Support of its Motion for Reconsideration of the Minute Order of May 22, 2008*

to be served upon the following parties as indicated:

By First-Class Mail

George S. Bellas
Bellas & Wachowski
15 N. Northwest Highway
Park Ridge, Illinois 60068

Patrick J. O'Hara
Cavanagh & O'Hara
407 East Adams
Springfield, Illinois 60602

Dated: New York, New York
July 28, 2008

_Steven Ray Katzenstein_
Steven Ray Katzenstein